IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AURORA LOAN SERVICES, | § | |
| Plaintiff, | § § § | |
| V. | § | No. 3:12-cv-3188-G-BN |
| JORGE GRIMALDO, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation. Because the Court lacks subject matter jurisdiction over this action, the Court should remand the action to County Court at Law No. 1, Dallas County, Texas, from which it was removed.

**Background**

Defendant Jorge Grimaldo, proceeding *pro se*, removed this civil action from Texas state court to federal district court. *See* Dkt. No. 3. Defendant has not – despite the Court's repeated warnings, *see* Dkt. Nos. 4 & 5 – attached to his original or amended notices of removal a copy of all process, pleadings, and orders served in the state court action. *See* Dkt. Nos. 3 & 6. Nor has Defendant Brenda Perez signed the removal notices. *See id.* However, Defendant's notices of removal indicate that this removed action is a forcible detainer action that Plaintiff brought in Dallas County

Court at Law No. 1. *See* Dkt. No. 3 at 1, 2, 5; Dkt. No. 6 at 1, 2.

As grounds for removal, Defendant has invoked federal question and diversity jurisdiction and alleged that "[t]his court has jurisdiction over this matter as it involves a *federal question*, the **taking of real property by an illegal non-judicial foreclosure methodology without due process** followed by the subject matter of this Removal, a forcible detainer lawsuit by the party or parties wrongfully foreclosing." Dkt. No. 6 at 2 (emphasis in original); *see also* Dkt. No. 3 at 2. Defendant has indicated that he intends to litigate these alleged federal law issues in this case, including possibly by means of a counterclaim. *See* Dkt. No. 6 at 2; Dkt. No. 9 at 2.

Plaintiff Aurora Loan Services has not moved to remand to state court or, for that matter, made any filings in this Court. Nevertheless, the Court now determines that it lacks subject matter jurisdiction and that remand is required.

**Legal Standards and Analysis**

Federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte.*"). A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. 28 U.S.C. § 1441(a). The removing party bears the burden of establishing jurisdiction. *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's jurisdiction is limited, and federal courts generally may hear only a case of this nature if it involves a question of federal law or where diversity of

citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. 28 U.S.C. §§ 1332(a), (b). Failure to allege adequately the basis of diversity requires remand. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). If no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). The amount in controversy in a forcible detainer action is the value of the right to occupy or possess the property at issue. *See, e.g.*, *Fed. Nat'l Mortg. Ass'n v. Talley*, No. 3:12-cv-1967-N-BH, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012) (citing cases), *rec. adopted*, 2012 WL 4005760 (N.D. Tex. Sept. 11, 2012). Further, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

Here, the record is wholly devoid of any evidence or argument to establish the value of the right to possess or occupy the property at issue or information to suggest

that it exceeds $75,000. And Defendant has not filed a copy of the state court papers in this Court or even alleged that his citizenship is diverse from Plaintiff's. Accordingly, Defendant has failed to satisfy his burden to show that federal diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1). *See Wells Fargo Bank v. Matts*, No. 3:12-cv-4565-L, 2012 WL 6208493, at *5 (N.D. Tex. Dec. 13, 2012) (remanding forcible detainer action under similar circumstances).

Likewise, Defendant has failed to establish federal question jurisdiction under 28 U.S.C. § 1331, which "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)). To support removal, therefore, Defendant "must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiff's claim." *Carpenter*, 44 F.3d at 366.

Defendant's removal papers make clear that, to support jurisdiction in this Court, he alleges a federal question based upon a defense and/or a counterclaim that he seeks to litigate in response to Plaintiff's state court forcible detainer action. *See* Dkt. No. 3 at 2; Dkt. No. 6 at 2; Dkt. No. 9 at 2. But a defense or counterclaim, even if it is based in federal law or raises a disputed question of federal law, will not support

-4-

federal question jurisdiction for purposes of removal. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim."); *id.* at 62 ("Under our precedent construing § 1331 ..., counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 430-31 (1999) ("To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal."); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Thus, it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.").

Rather, "[w]hen an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) (internal quotation marks omitted); *see also MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) ("A defense that raises a federal question is insufficient."). Thus, "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause

of action." *MSOF Corp.*, 295 F.3d at 490. When a plaintiff's pleadings set forth only state law claims, a federal district court has federal question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

Here, Defendant has not even alleged, much less shown, that Plaintiff raised any federal law causes of action or any substantial, disputed question or issue of federal law in its state court forcible detainer action or that Plaintiff's state law claims are completely preempted by federal law. Accordingly, Defendant has failed to satisfy his burden to show that federal question jurisdiction exists under 28 U.S.C. § 1331. *See Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) ("The complaint filed in the state court was a simple suit to evict arising under state law. The complaint provided no basis for federal question jurisdiction. The fact that Potts brought up possible federal question claims in her answer and counterclaim cannot be considered in determining the existence of removal jurisdiction. Therefore, the district court lacked jurisdiction to allow the removal of the action." (citations omitted)); *accord U.S. Bank Nat'l Ass'n v. McAfee*, No. 4:12-cv-804-A, 2013 WL 48500, at *1-*2 (N.D. Tex. Jan. 3, 2013) (remanding forcible detainer action under similar circumstances); *Matts*, 2012 WL 6208493, at *4-*5 (same).

**Recommendation**

For the reasons stated herein, the Court lacks subject matter jurisdiction over this action. Accordingly, the Court should remand the action to County Court at Law

No. 1, Dallas County, Texas, from which it was removed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 6, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE